Bonnie D. MOULTON

v.

William R. MOULTON.

Supreme Judicial Court of Maine.

Argued Nov. 14, 1984.

Decided Dec. 20, 1984.

Mittel & Hefferan, Michael Asen (orally), Portland, for plaintiff.

Jackson & Pallas, Ray R. Pallas (orally), Westbrook, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, VIOLETTE, WATHEN, and SCOLNIK, JJ.

McKUSICK, Chief Justice.

This divorce action is before us on the appeal of defendant William R. Moulton, who challenges an order of the Superior Court (Cumberland County) affirming the identification and division of marital property and the amount of child support awarded to plaintiff Bonnie D. Moulton in the District Court (Portland) on October 21, 1983. We affirm.

When the parties to this action were married in 1973, the husband owned an electrical contracting business. During the course of the marriage, the assets of the business from time to time required replacement, so that by the time of the divorce hearing substantially all of the assets of the original business had been replaced with new equipment.

Sometime during their marriage, the parties also purchased a home in Windham. The wife testified that the house was paid for with funds acquired during the mar-

riage, while the husband maintained that he made a $5,000 down payment on the house with money that he had had prior to the marriage.

In 1982, the husband entered into an agreement with his aunt, Carolyn Williamson, in which he agreed to do extensive construction and electrical work on her summer camp on Swan's Island in return for a parcel of land there. Under the contract the aunt had no duty to convey the land if the work was not completed by May 31, 1983. By his own estimate, the husband performed 60% of the work stipulated in the agreement, putting $3,000 in materials and 300 hours of labor into the project. At the time of the District Court hearing he had not completed the work. The husband contended that since he had not completed the work on schedule he could not obtain the Swan's Island property from his aunt. The wife argued that there was a substantial probability that the deal would be completed after the divorce.

The District Court granted the divorce sought by the wife, gave her custody of the couple's two children and possession of the house, and required the husband to pay $50 per week per child in child support. It also found that all of the couple's assets, including any rights of the husband as a result of the Swan's Island work, constituted marital property, and apportioned them between the parties. The court also required the husband to pay $450 towards the wife's legal expenses.

The husband argues here that the District Court failed properly to identify marital and nonmarital assets. In particular, he asserts that the District Court erred in characterizing as marital property the equipment of his electrical contracting business, the part of the value of the house attributable to the $5,000 down payment, and any rights he had as a result of work already performed under the Swan's Island contract with his aunt.

■ Under 19 M.R.S.A. § 722–A(3) (1981), all property acquired during mar-

riage by either spouse is presumed to be marital property, unless it was acquired by a means listed in the preceding subsection (2).[1] A party who wishes to show that a particular asset acquired during marriage is nonmarital property bears the burden of overcoming the statutory presumption. The showing required to overcome the presumption is one of fact; thus, the decision of the divorce court whether the burden was successfully carried is reviewable only for clear error. *See Harmon v. Emerson*, 425 A.2d 978, 981 (Me.1981).

The husband asserts that he established that his business equipment was acquired to replace assets he owned prior to the marriage,[2] and that the $5,000 payment on the house was made with his own money acquired prior to the marriage. He argues that therefore the court below erred in refusing to classify the equipment and a part of the value of the house as nonmarital property.

■ The only evidence that the husband offered on those two issues was his own testimony of a conclusory nature. He presented no corroborative documentary evidence. The District Court judge was not bound to credit those conclusory statements. If he did not believe them, then he was required to give effect to the statutory presumption that the entire value of the house and the business assets constituted marital property. It was not clearly erroneous for him to do so.

The husband's next contention is that the District Court was without authority to divide between himself and the wife any remuneration he might receive for work already done for his aunt, because the possible remuneration was not property as of the hearing date. He cites *Crooker v. Crooker*, 432 A.2d 1293 (Me.1981), and *Me-*

nor v. Menor, 154 Colo. 475, 391 P.2d 473 (1964), for the proposition that possible future events should not influence valuation of conjugal assets. The *Crooker* and *Menor* cases, however, involved situations distinct from the one now before us. Those cases held that a divorce court should not take into account an asset or liability contingent upon some action being taken regarding existing assets, when that action had not yet been put in motion and conceivably never would be. Here, on the other hand, the portion of the work for which an award was made had already been completed. The husband's right to the Swan's Island property, whatever its worth, is akin to a disputed account receivable in his business. Though the husband may not prevail at all on the claim against his aunt, he, on the other hand, may finally be held to be equitably entitled to reasonable compensation for the work already done or may equitably be permitted to complete the work and obtain the promised real estate. Such choses in action are property within the meaning of section 722–A(2) and fall within the divorce court's broad power to divide marital property. *See Zillert v. Zillert*, 395 A.2d 1152, 1157 (Me.1978). It has been held elsewhere that "all personal property, tangible and intangible, in which a spouse acquires an interest is includable [as property to be divided by the court]. Choses in action, rights and other interests, the benefits of which may be receivable now and in the future are classifiable as intangible personal property." *Kruger v. Kruger*, 73 N.J. 464, 375 A.2d 659, 661 (1977). *See also Heilman v. Heilman*, 95 Mich.App. 728, 291 N.W.2d 183, 185 (1980) ("a spouse's chose in action for personal injuries and the other spouse's *per quod* claim constitute property subject to such distribution") (quoting *DiTolvo v. DiTolvo*,

---

1. 19 M.R.S.A. § 722–A(2)(B) (1981) provides in pertinent part: "For purposes of this section only, 'marital property' means all property acquired by either spouse subsequent to the marriage, except ... [p]roperty acquired in exchange for property acquired prior to the marriage...."

2. For present purposes, we note that, to the extent the acquisition of the husband's present business assets during the marriage did not result from an actual exchange for his premarital assets, they do not come within the exception of section 722–A(2)(B). *See* n. 1 above.

131 N.J.Super. 72, 79, 328 A.2d 625, 629 (1974)); *In re Marriage of Laster,* 643 P.2d 597, 603 (Mont.1982) (nonmarital retirement programs includable, whether or not vested); *Stern v. Stern,* 66 N.J. 340, 331 A.2d 257, 261 (1975) (value of husband's interest in partnership includes share of accounts receivable, work in progress, and goodwill); *Rieger v. Christensen,* 529 P.2d 1362, 1365 (Colo.Ct.App.1974) (bonus earned before divorce decree but declared and paid after decree includable as marital property); *Riegler v. Riegler,* 243 Ark. 113, 419 S.W.2d 311, 314 (1967) (accounts receivable); *In re Marriage of Goldstein,* 120 Ariz. 23, 583 P.2d 1343, 1345 (1978) (accounts receivable and pension and profit sharing plans in a corporation).

■ The divorce judgment in the present case provided that "[p]laintiff shall be entitled to one half of any amount of money or in kind payment received by defendant for his work done to date of judgment on the property of Carolyn Williamson of Swan's Island, Maine." That order does not depend upon a certitude that the husband will get anything for his work. It merely gives effect to the basic fairness of granting the wife one half of what was actually earned during the marriage, without burdening the husband in case he never receives compensation from his aunt. There was no error in the District Court's classification as a marital asset of the husband's right to be compensated for the work he performed for his aunt.

■ The husband also assigns as error the division of marital property fashioned by the District Court. It is within the sound discretion of the trial judge to apportion marital property, and the allocation he makes will be reviewed only for an abuse of that discretion. *Stevens v. Stevens,* 448 A.2d 1366, 1371 (Me.1982). The husband fails to convince us that there was any such abuse in the present case.

■ The provisions of the divorce judgment to which the husband objects grant the wife an opportunity to buy the marital home outright if ever it is sold, give her somewhat more than half of the equity in the house, and divide equally whatever compensation is hereafter received for the work done to the date of the divorce for the husband's aunt at Swan's Island. The District Court was bound under the statute to divide the marital property in such proportions as it deemed just. In determining what a just apportionment of the property would be, the court could properly consider a wide range of factors and needed not divide the property evenly between the parties. *See Grishman v. Grishman,* 407 A.2d 9, 12 (Me.1979). A just division need not be mathematically equal.[3] The husband has not presented anything to show that the award to the wife was unfair. Quite to the contrary, the wife's receipt of more than half of the equity in the house was explicitly intended by the District Court to counterbalance the husband's receipt of more than half of the couple's personal possessions. The monetary value of the work done under the husband's contract with his aunt prior to the divorce is completely immaterial to the fairness of the division of property fashioned by the District Court. Whatever the value of that work, and whatever the value of any remuneration the husband receives for it, each party will be entitled to one half. In cases such as this, where the actual compensation itself has not been paid, it would be

---

3. Though equal division may be the rule in community property states, it is not in jurisdictions applying an equitable test. *See, e.g., Moore v. Moore,* 396 So.2d 1074 (Ala.Civ.App. 1981); *Rhodes v. Rhodes,* 370 P.2d 902 (Alaska 1962); *Stegmeir v. Stegmeir,* 158 Kan. 511, 148 P.2d 755 (1944); *Ohm v. Ohm,* 49 Md.App. 392, 431 A.2d 1371 (1981); *McLain v. McLain,* 108 Mich.App. 166, 310 N.W.2d 316 (1981); *Ruprecht v. Ruprecht,* 255 Minn. 80, 96 N.W.2d 14 (1959); *Lockett v. Lockett,* 558 S.W.2d 387 (Mo. Ct.App.1977); *Nunnally v. Nunnally,* 625 P.2d 1159 (Mont.1981); *Kobylack v. Kobylack,* 110 Misc.2d 402, 442 N.Y.S.2d 392 (1981); *Haberstroh v. Haberstroh,* 258 N.W.2d 669 (N.D.1977); *Cherry v. Cherry,* 66 Ohio St.2d 348, 421 N.E.2d 1293 (1981); *Klinger v. Klinger,* 79 S.D. 182, 109 N.W.2d 633 (1961); *Klein v. Klein,* 370 S.W.2d 769 (Tex.Civ.App.1963); *Rackham v. Rackham,* 119 Utah 593, 230 P.2d 566 (1951).

pointless to require a valuation. We find nothing unjust about the property award.

▮ The husband also asserts that the District Court erred in setting the amount of child support payable to the wife at $50 per week per child. An award of child support is to be reviewed only for abuse of judicial discretion. *Gardner v. Perry*, 405 A.2d 721, 725 (Me.1979). Support obligations are to be imposed in accordance with the parents' respective ability to pay. *Id.* The District Court in this case took evidence regarding both the husband's and the wife's past earnings. The husband's own brother testified that the husband was "a lot more of a go-getter than he'd like to admit to in here." The court found that the husband could earn more than he claimed and fixed the amount of child support on that basis. We find no abuse of discretion in that decision.

Finally, we note that the District Court awarded the wife $450 toward her attorney's fees without taking any evidence as to the amount of attorney's fees she incurred in bringing the divorce action. Since the District Court's award, we have decided *Hebert v. Hebert*, 475 A.2d 422 (Me.1984), in which we required the trial court to have adequate evidence in the record to show the reasonableness of an attorney's fee award under 19 M.R.S.A. § 722(3) (1981). Since no such evidence was presented here, we remand the case to the District Court for a determination, consonant with the principles expressed in *Hebert*, of the amount of attorney's fees that should be allowed to the wife.

The entry is:

Judgment affirmed, except as to the allowance of $450 toward attorney's fees of the wife. The latter award is vacated and remanded to the District Court for further proceedings consistent with the opinion herein.

All concurring.