**E. Paul BRANDIS**

v.

**Priscilla BRANDIS.**

Supreme Judicial Court of Maine.

Argued Jan. 22, 1985.

Decided April 2, 1985.

Mittel & Hefferan, Michael P. Asen (orally), Portland, for plaintiff.

LaFountain & Boulos, James Gregory Boulos, Jr. (orally), Biddeford, for defendant.

Before McKUSICK, C.J., and ROBERTS, VIOLETTE, WATHEN and SCOLNIK, JJ.

SCOLNIK, Justice.

The plaintiff, E. Paul Brandis, appeals from a divorce judgment of the Superior Court, York County, granting him a divorce from the defendant, Priscilla Brandis. He alleges the trial court erred by (1) designating an insurance business as marital property, (2) awarding sole custody of the children to the defendant, (3) requiring the plaintiff to pay $100 per week child support and $75 per week alimony and to maintain $80,000 of life insurance with the children named as beneficiaries, and (4) ordering the plaintiff to pay $600 of the defendant's attorney's fees. We vacate the award of attorney's fees, but affirm the judgment in all other respects.

The parties were married in 1968 and spent the early years of their marriage in Colorado. While there, the plaintiff did a tour in the army, attended college, and owned and operated a fence construction business. The defendant worked as a receptionist, clerk, and Avon representative. In 1980, they moved to Maine, where the plaintiff was self-employed as an agent for State Farm Insurance. Two children were born to the marriage. The complaint for divorce was filed on March 7, 1983 and the court entered a final judgment on July 25, 1984.

Incidents of divorce such as property division, and the award of alimony, custody, and child support are all addressed to the sound discretion of the divorce court, *Gardner v. Perry*, 405 A.2d 721, 725 (Me. 1979), and its judgment is entitled to very

substantial deference. *Cooley v. St. Andre's Child Placing Agency*, 415 A.2d 1084, 1086 (Me.1980). We have said that "as long as there is rational or credible support in the record" for the divorce court's decision on these matters, the judgment will not be overturned. *Shirley v. Shirley*, 482 A.2d 845, 847–48 (Me.1984).

■ Assigning no specific value to the insurance agency, the divorce justice, nevertheless, set it aside to the plaintiff, including "goodwill, renewal rights for insurance policies, customer lists, savings plans, pension plans and/or profit sharing plans." The plaintiff maintains his position as an agent for this insurance company was such that the company owned the customer lists and any goodwill that attached to the business. Further, he argues, his insufficient tenure with the company did not entitle him to any renewal rights or pension/profit sharing plans. The plaintiff maintains that by designating the business as marital property, the court was dividing an asset that did not exist.

The plaintiff's characterization of himself, on the one hand, as "self-employed as an agent for State Farm Insurance" while, on the other, his insistence that there exists "no business or part of a business" to divide is one measure of the lack of substance in his contention. It was not clearly erroneous for the trial justice to designate the insurance agency as marital property and assign it to the plaintiff. However incorrect the court may have been in finding particular matters as goodwill, renewal, and pension rights to be a part of the agency, it was justified in concluding that a business generating an annual income of over $55,000 was of at least *some* value. Although it would have been better practice for the divorce court to have assigned a specific value to the business, *Grishman v. Grishman*, 407 A.2d 9, 12 (Me.1979), the omission here did not result in any prejudice to the plaintiff. *See Axtell v. Axtell*, 482 A.2d 1261, 1264 (Me.1984). After reviewing the evidence offered at trial regarding the contributions of each spouse to

the acquisition of the marital property, the value of the property set aside to each, and the parties' respective economic circumstances at the time of the divorce, we find nothing in this property division that amounts to an abuse of discretion.

The defendant further objects to the remaining aspects of the judgment—the matters of life insurance, custody, support, alimony, and attorney's fees—contending that the record contains no evidence to support the divorce court's conclusions. Again, excepting the award of attorney's fees, we do not agree.

 The defendant's failure to furnish evidence on issues not seriously contested by her husband does not compel a conclusion that there was no rational support for the court's decisions. From the plaintiff's own testimony and exhibits, the court could easily have found facts sufficient to support the judgment. The evidence clearly demonstrated the plaintiff's ability to pay the amounts ordered by the court. With regard to the issue of child custody, the plaintiff never seriously contended that the best interests of the children would not be served if custody was awarded to the mother. His concern was a desire for joint responsibility. Given that the children lived out of state with their mother at the time of hearing, the justice's determination that a sole custody award to the defendant was more appropriate than joint custody was not an abuse of discretion.

 There is merit, however, to the plaintiff's contention that no evidence exists on this record to justify the award of attorney's fees. It should be clear to the Bar by this time that an award of attorney's fees will not survive a challenge in the absence of at least an affidavit attesting to the defendant's fee arrangement with her lawyer, counsel's customary hourly rate, and other such facts necessary to allow the court to make a valid calculation as to what amounts to reasonable counsel fees. *Hebert v. Hebert,* 475 A.2d 422, 426 (Me.1984). No such affidavit or any other basis for determining the reasonableness of the award of counsel fees appears here.

The entry is:

Award of attorney's fees vacated and remanded for further proceedings consistent with the opinion herein.

In all other respects, judgment affirmed.

All concurring.