Robert F. BRADFORD

v.

Percy HARRIS.

Supreme Judicial Court of Maine.

Argued Sept. 13, 1985.

Decided Oct. 17, 1985.

Skelton, Taintor, Abbott & Orestis, Stephen P. Beale (orally), Lewiston, for plaintiff.

Luce & Beach, P.A., Jonathan R. Luce (orally), Farmington, for defendant.

Before McKUSICK, C.J., and NICHOLS, VIOLETTE, WATHEN, GLASSMAN and SCOLNIK, JJ.

WATHEN, Justice.

Plaintiff Robert Bradford appeals from a judgment of the Superior Court (Franklin County) in favor of the defendant in a boundary dispute action. On appeal, the plaintiff argues the Court erroneously found that the presence of a stone wall established that the land enclosed by that wall had once been cultivated. We sustain the appeal.

The parties own adjoining parcels of land in New Sharon. Both parcels were once part of a single tract owned by a remote common grantor. The original grantor deeded out a portion of the tract on June 17, 1913, reserving the rest of the parcel. This deed described the reserved portion as "lying to the west of a line drawn through and in line of the westerly wall of the most westerly cultivated field and continuing straight away to the lot lines on either side." On June 30, 1913, she separately conveyed the reserved portion. The June 30th deed describes the reserved portion as "consisting of 70 acres, more or less of woodlands ...."

Defendant is the current owner of the land conveyed in the deed of June 17, 1913, namely, that portion of the original tract lying east of the westerly wall of the most westerly cultivated field. Plaintiff owns the reserved portion conveyed on June 30, 1913. The parties disagree on which of two substantially parallel stone walls constitute the "westerly wall of the most westerly cultivated field." Both walls run from southwest to northeast, enclosing an area of about 12 acres. It is the title to the enclosed 12 acres that is the subject of this dispute.

At trial, plaintiff sought to prove that the disputed area had been a pasture, not farmland, and that therefore the "westerly wall of the most westerly cultivated field" was the southeasterly wall. It was defendant's theory that both fields had been cultivated, thus making the northwesterly wall the correct boundary. The evidence established that the disputed area had once been a field, but the parties' expert witnesses, both foresters, disagreed on whether it had been farmland or pasture.

■ The presiding Justice found that the land reserved by the original grantor, now owned by plaintiff, had never been anything but woods. He concluded that the original tract comprised "two fields and a woodlot," and that both fields were fairly level, with the woodlot sloping considerably more. Finally, he found that the existence of a stone wall around the perimeter of the disputed field was "overwhelming" evidence that it had once been cultivated. The Justice denied plaintiff's motion for findings of fact and conclusions of law.[1]

Plaintiff argues that the Court improperly inferred that the presence of stone walls demonstrates conclusively that the land was cultivated. Plaintiff points to the following language in the Court's opinion:

> [T]he presence of the rock wall boundaries is overwhelming evidence that the 12-acre lot was a cultivated field years ago. ... The plaintiff argues that it at most was only a pasture, but there is no evidence pasture land produced rock walls. That cultivated fields set to the plow produced rock walls was at least once common knowledge.

The plaintiff asserts that the Court's inference concerning the stone walls is reversible error.[2] We will not reverse a lower

---

**1.** Plaintiff's contention that the Court's failure to grant his motion for findings of fact and conclusions of law constitutes reversible error is without merit. It is sufficient if those findings and conclusions appear in the Court's opinion, as is the case here. M.R.Civ.P. 52(a). Furthermore, the Court's findings and conclusions are stated intelligibly enough to permit the plaintiff to point to specific findings asserted to be errone-

ous. *Sacre v. Sacre,* 143 Me. 80, 102, 55 A.2d 592, 603 (1947).

**2.** We do not agree with the plaintiff's contention that this inference amounts to judicial notice. By saying that it "was at least once common knowledge," the presiding Justice was implying that it now no longer is common knowledge that rock walls surround farmland, and therefore the Justice was stopping short of taking

Court's findings of fact unless they are clearly erroneous or there is no competent evidence to support them. M.R.Civ.P. 52(a); *Harmon v. Emerson,* 425 A.2d 978, 982 (Me.1981). We must examine, however, whether this inference is supported by any of the evidence.

■ The factfinder is permitted to draw a reasonable inference that flows logically from testimony or proved physical facts, so long as the evidence is such that it is probable that the inferred fact exists. *Hersum v. Kennebec Water District,* 151 Me. 256, 263, 117 A.2d 334, 338 (1955). In this case, there is no evidence from which it could be inferred that the presence of stone walls proved the disputed land to have been cultivated. Both parties' experts testified that the existence of the walls was consistent with the fact that the field had once been cleared. Their testimony suggests that rock walls could surround either pastureland or a cultivated field.

In this case, the finding that rock walls are produced only by the cultivation of land rests on conjecture. We conclude that the inference is erroneous. The Superior Court made other findings in its order, however, which support the conclusion that the disputed field had been cultivated. We are unable to determine to what extent the presiding Justice relied on the erroneous inference. We must vacate the judgment and remand the case so that the Justice may reexamine the evidence on the basis of the remaining factual findings. *Maine Human Rights Comm'n v. Dep't. of Corrections,* 474 A.2d 860, 868 (Me.1984).

The entry is:

Judgment vacated.

Remanded to the Superior Court for further proceedings consistent with the opinion herein.

All concurring.

judicial notice concerning the walls. *See* M.R.