**Randall MURRAY**

v.

**Elizabeth MURRAY.**

Supreme Judicial Court of Maine.

Argued April 29, 1987.

Decided Aug. 25, 1987.

Ronald P. Lebel (orally), David L. Brandt, Rocheleau, Fournier and Lebel, P.A., Lewiston, for plaintiff.

Neil Shankman (orally), Legal Center of Maine, Lewiston, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

CLIFFORD, Justice.

The plaintiff, Randall Murray, appeals from a judgment of the Superior Court, Androscoggin County, granting a divorce on the ground of irreconcilable marital differences. He alleges that the court erred in (1) denying his motion for findings of fact and conclusions of law, (2) awarding alimony to the defendant, (3) dividing the marital property, and (4) ordering him to pay a portion of the defendant's attorney's fees. On cross-appeal, Elizabeth Murray contends that the court erred in characterizing shares in Murray Oil Company, a corporation whose sole shareholder is the plaintiff, as non-marital property. We vacate the judgment and remand for additional findings of fact and conclusions of law.

The parties were married in 1970 and have two minor sons by that marriage. Randall has been employed since 1969 by Murray Oil Company, a family business specializing in fuel oil and burner heating service and installation. Elizabeth has been employed as a registered nurse since 1972. The parties separated in 1984 and currently live at separate residences in Turner.

Following a divorce hearing in 1986, the court issued a judgment ordering both parties to share the parental rights and responsibilities for the care of the children, granting Elizabeth primary residential custody. The court further ordered Randall to pay Elizabeth child support in the amount of $75 for each child per week, $200 per week in alimony, and $2,500 towards Elizabeth's attorney's fees. The court divided the marital and non-marital property, finding, *inter alia,* that Murray Oil Company stock was Randall's separate property, but assigned it no value.

After the filing of the divorce judgment, Randall moved for specific findings of fact and conclusions of law pursuant to M.R. Civ.P. 52(a). The court denied the motion as filed in an untimely manner. The court further noted that "[e]ven if timely filed the court is satisfied the overall judgment sufficiently supports the conclusions and findings of the court."

The parties agree that the motion was timely. We disagree with the court's assertion that the conclusions and findings sufficiently support the judgment, particularly on the issues of alimony and the distribution of Murray Oil Company stock. We therefore remand for further findings on those issues.

■ Rule 52(a) provides in relevant part that "the court *shall,* upon the request of a party made as a motion within 5 days after notice of the decision, ... find the facts specially and state separately its conclusions of law thereon ..." (emphasis added). Generally, "the mere omission of factual findings or reasons is not fatal to a divorce decree and does not, by itself, constitute an abuse of discretion by the divorce court." *Shirley v. Shirley,* 482 A.2d 845, 848 n. 1 (Me.1984); *see also Bradford v. Harris,* 499 A.2d 159, 160 n. 1 (Me.1985). Moreover, a request for findings under Rule 52(a) "should not be made without good reason" in view of "[t]he strong policy of the rule to avoid burdensome paper work ..." 1 Field, McKusick & Wroth, *Maine Civil Practice,* §§ 52.1, 52.2 at 684, 685 (2d ed. 1970).[1]

Nevertheless, the failure of the trial justice clearly to state the factual findings and correlate them with the relevant legal conclusions both hinders effective appellate review and fails to inform either the parties or the appellate court of the reasoning underlying the conclusions. For example, we have consistently stated the need for the divorce court to assign specific values to marital property, both to "make the result more comprehensible for the litigants and ... [to] facilitate appellate review as often as such review may become necessary." *Grishman v. Grishman,* 407 A.2d 9, 12 (Me.1979); *see also Brandis v. Brandis,* 489 A.2d 1110, 1111 (Me.1985); *Axtell v. Axtell,* 482 A.2d 1261, 1264 (Me.1984); *Shirley,* 482 A.2d at 849.

■ The trial justice's findings in this case on two critical issues—the alimony award and the disposition of Murray Oil Company stock—give little insight into the rationale underlying the court's conclusions and impede effective appellate review. With respect to the alimony award, the court merely states that the award was based on its consideration of "the financial status and abilities of the parties as well as the needs thereof." The record shows that Elizabeth, who was employed full time at the time of the divorce hearing, sought only one dollar per year in alimony. The court nevertheless awarded her $200 per week ($10,400 per year) in alimony, which, when combined with the $150 per week that the court ordered Randall to pay in child support, nearly approximated his net weekly salary and dividend earnings. Without the requested findings, we are unable to determine the grounds on which the court based its award. In these circumstances, the court's failure to explain its reasoning for the award despite a request for specific findings constituted an abuse of discretion.

■ Similarly, although there is evidence in the record that Randall acquired his ownership interest in the 74 shares of stock in Murray Oil Company through gifts from his father during the parties' marriage, there is conflicting evidence concerning the appreciated value of that stock at the time of the divorce hearing. Whereas Randall's accountant stated his opinion that the corporation had no value, Elizabeth's accountant testified that the stock had risen in value from over $34,000 at the time of transfer to an appreciated value of over $119,000 at the time of the divorce hearing. Elizabeth asserts that the amount of appreciation of the corporation is the parties' marital property, rather than Randall's separate property. In view of the wide discrepancy in testimony as to the value of the shares of the corporation, the extent of its appreciation in value, and the extent to which any appreciation resulted from the efforts of the parties during the marriage, it was incumbent upon the trial justice to address those issues and explain his reasoning in reaching his conclusion that the property was entirely non-marital. *See*

1. In the absence of a motion for specific findings of fact and conclusions of law pursuant to Rule 52(a), or for further findings under Rule 52(b), *see Cushman v. Cushman,* 495 A.2d 330, 335 (Me.1985), we assume that the trial justice found all of the facts necessary to support the decision; these assumed findings will not be set aside unless clearly erroneous. *Harmon v. Emerson,* 425 A.2d 978, 981 (Me.1981). It is therefore incumbent on litigants to move for specific findings of fact and conclusions of law in those cases in which the development of the facts and statement of the rationale is absent from, or not sufficiently developed in, the court's decision.

*Hall v. Hall,* 462 A.2d 1179, 1181–82 (Me. 1983).

In light of the court's failure to make specific factual findings and explain its reasoning on the alimony and property distribution issues, despite the plaintiff's timely request for findings of fact and conclusions of law, we find it necessary to remand the case for the court to make specific findings and conclusions at least on the aforementioned issues.

The entry is:

Judgment vacated.

Remanded for further proceedings consistent with the opinion herein.

McKUSICK, C.J., and ROBERTS and WATHEN, JJ., concur.

GLASSMAN, Justice, with whom SCOLNIK, Justice, joins, dissenting.

I must respectfully dissent. I agree with the court that Randall made a timely request for findings to support the award of alimony pursuant to M.R.Civ.P. 52(a). I would hold, however, that the judgment of divorce contained adequate findings on that issue, and the trial court did not err in denying Randall's request. *See Bradford v. Harris,* 499 A.2d 159, 160 n. 1 (Me.1985). The judgment states that the divorce court "considered the financial status and abilities of the parties as well as the needs thereof" in ordering Randall to pay alimony of $200 per week. That statement amounts to a finding that Randall is able to pay that amount and Elizabeth has need for that amount.

The evidence supports these findings. Randall earned annual interest and dividend income of $1,800, plus a salary of $22,636. He also received benefits and perquisites from Murray Oil Co. that raised his real income from the company to $34,416. His salary increased almost every year and he was sometimes given a bonus. Most importantly, as sole owner of an income producing business Randall had control over his income and benefits. For example, the company owned real estate, vehicles, heating oil, and telephones that were supplied to him or used by him for his personal needs.

Elizabeth, on the other hand, had consistently earned less than her husband and testified that she had an uncertain future at her current job. She had always taken primary responsibility for caring for the children and as a result had to forego continuing education courses and turned down two desirable job offers during the marriage. It had been necessary for her to borrow approximately $2,000 to meet living expenses and she was obligated for an additional approximate $2,000 for periodontal surgery. She testified that alimony would enable her to return to school for a needed degree. We have previously stated that a divorce court is vested with broad powers to order the payment of alimony so long as it is reasonable in amount and the court has " 'regard to [the payor] spouse's ability to pay' "; that we pay great deference to the trial court's discretionary judgment as to what amount is "reasonable"; and that unless we can determine the trial court "violated some positive rule of law or has reached a result which is plainly and unmistakably an injustice that is 'so apparent as to be instantly visible without argument,' " we must affirm. *See Jacobs v. Jacobs,* 507 A.2d 596, 600 (Me.1986) (citations omitted). Under this standard, it cannot be said that the trial court exceeded its discretion in setting the amount of the alimony obligation of Randall.

I would also affirm the divorce court's characterization of the shares in Murray Oil Co. as Randall Murray's separate property. The divorce court was not required to make findings as to the value of the company because neither party requested such findings. *See Cushman v. Cushman,* 495 A.2d 330, 335 (Me.1985). Moreover, the value of the company was not material to its characterization as marital or nonmarital property.

Under 19 M.R.S.A. § 722–A(3) (1981) all property acquired during marriage by either spouse is presumed to be marital property unless acquired by a means listed in the preceding subsection (2). Here, Randall Murray had the burden of over-

coming the presumption that the 74 shares of Murray Oil Co. were marital property. *Moulton v. Moulton*, 485 A.2d 976, 977–78 (Me.1984). He met that burden by offering uncontradicted evidence that the shares were given to him as a gift. *See* 19 M.R.S.A. § 722–A(2)(A). That showing was one of fact and is reviewable only for clear error. *See Moulton*, 485 A.2d at 978.

Elizabeth Murray contends that the shares appreciated in value, and the appreciation is marital property. The evidence was conflicting as to the value of Murray Oil. The company's accountant testified that the company's debts exceeded the value of its assets. An accountant called by Elizabeth Murray testified that the company was worth $119,053—an increase of $84,797 since the date of the gift. Elizabeth offered no evidence that the alleged increase in value was the result of a contribution of marital property or of her separate property or labor. On this record it cannot be said that the court erred in determining that the stock of Murray Oil was the sole and separate property of Randall without placing a present dollar value on that stock.

I would affirm the judgment of the Superior Court.