**Bruce H. BISHOP**

v.

**Donna G. BISHOP.**

Supreme Judicial Court of Maine.

Argued March 22, 1988.

Decided May 25, 1988.

Gary W. Libby (orally), Goranites & Libby, Portland, for plaintiff.

Zbigniew J. Kurlanski (orally), Saco, for defendant.

Before McKUSICK, C.J., and NICHOLS, WATHEN, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

NICHOLS, Justice.

The Plaintiff, Bruce H. Bishop, appeals from a judgment of the Superior Court (Cumberland County) entered September 16, 1987, asserting that the presiding justice erred in identifying and valuing the

marital and the non-marital property of the respective parties. The Defendant, Donna G. Bishop, rejoins that the assets accumulated during the parties' marriage were properly categorized, valued and either set apart or divided by the divorce court.

We vacate the judgment of the Superior Court.

After the parties were married on December 18, 1976, the couple moved into the Defendant's home on Meadow Way, South Portland. When this property was eventually refinanced, title to this home was placed in the parties as joint tenants.

During their marriage, the couple also spent a substantial amount of time at the cottage on Mousam Pond in Shapleigh that the Plaintiff had owned at the time of their marriage. Over the years the couple invested approximately $7,500 of marital funds in the upkeep and improvement of this cottage.

In addition to accumulating land interests, the couple also acquired corporate stocks. The Plaintiff served as an officer, director and employee of a closely-held corporation, Accessories Unlimited of Maine, Inc., for several years, enabling the couple to purchase 440 shares in that company through payroll deductions.

On September 9, 1985, the Plaintiff commenced this action for divorce. A hearing was held on his complaint and, on September 16, 1987, the divorce court entered a judgment granting the divorce, setting apart to each the non-marital property of that party, and dividing the marital property.

In the relevant part of that judgment, the divorce court concluded that the Shapleigh cottage was originally the non-marital property of the Plaintiff but that the cottage's appreciation in worth that accrued during the parties' marriage was part marital and part non-marital in nature. The presiding justice next determined that the cottage had a value of $50,000 when the parties married in 1976, and $160,000 on the date of their divorce. He further estimated that $30,000 of the property's appreciation was traceable to the investment of $7,500 in marital funds, and therefore to

that extent the appreciation in value constituted marital property. The entire Shapleigh property was then awarded to the Plaintiff as part marital and as part non-marital property.

The divorce court found that the Defendant made a grant of the South Portland home to the marital estate when, at refinancing, this property was deeded to the parties in joint tenancy. The presiding justice concluded that the house was, therefore, marital property, and allocated it to the Defendant as part of the division of the marital property.

The final relevant calculation of value made by the divorce court was the determination that Accessories' corporate tax carry-overs gave the parties' stock in the company a value of $25,000. The stock was then allocated to the Plaintiff as marital property.

Five days after the judgment was entered, the Plaintiff moved for findings of fact and conclusions of law. Responding to this motion, the divorce court set out the additional finding that the South Portland home had a value of $38,000 at the time that the parties married, and a value of $94,000 at the time of the divorce. The Plaintiff thereupon filed his present appeal.

The Plaintiff first argues that the divorce court clearly erred in calculating the appreciated value of the marital investment in the Shapleigh cottage. Plaintiff argues that the court ignored the appreciation in his non-marital interest that occurred after the parties' marriage in 1976 and prior to the initial investment of marital assets in 1982. Alternatively the Plaintiff argues that even if we assume that all appreciation occurred after the investment of marital assets, the court erred in allocating the appreciation between the marital and non-marital investment in the property. We agree with the latter argument.

■ Under 19 M.R.S.A. § 722-A (1981), property acquired during a marriage is presumed to be marital property. *Cushman v. Cushman*, 495 A.2d 330, 334 (Me.1985). In claiming that part of the appreciation in value is non-marital property, the Plaintiff

bears the burden of overcoming this statutory presumption. *Id.; Moulton v. Moulton,* 485 A.2d 976, 978 (Me.1984). The record before us, however, contains no evidence of any appreciation attributable to land alone, and it contains no evidence of the value of the Shapleigh property at the time that substantial marital assets were invested in its improvements. In this regard, the Plaintiff did not meet his burden of overcoming the presumption and his first argument must fail.

■ After carefully reviewing the record, however, we conclude that the divorce court miscalculated the marital portion of the appreciated value of the property. We have previously adopted the "source of funds" principle that fixes the marital interest under these circumstances by determining the ratio of marital to nonmarital investments in the property. *See MacDonald v. MacDonald,* 532 A.2d 1046, 1049 (Me.1987); *Hall v. Hall,* 462 A.2d 1179, 1181 (Me.1983); *Tibbetts v. Tibbetts,* 406 A.2d 70, 75 (Me.1979). The divorce court found that the Shapleigh property had a value of $50,000 at marriage in 1976 and $160,000 on the date of divorce. The court also found a total marital investment of $7,500 in improvements to the property. Even if we assume findings most favorable to the Defendant and conclude that all appreciation occurred after the investment of marital funds, it is clear that the court erred in applying the investment ratio to appreciated value. It is logically impossible for the marital investment to have appreciated by 400% while, during the same period of time, the non-marital investment appreciated only by 260%.

Although there was no clear error in the divorce court's valuations of the South Portland house and the parties' Accessories stock, because the court's calculation of the marital share of the appreciation on the Shapleigh cottage was flawed, we vacate and remand for reconsideration of the distribution of all property.

The entry is:

Judgment vacated.

Remanded for reconsideration of the distribution of all property on the existing record and in a manner consistent with the opinion herein.

All concurring.