STATE OF MAINE
PENOBSCOT, SS.

FILED AND ENTERED
SUPERIOR COURT

MAY 0 8 2000

PENOBSCOT COUNTY

SUPERIOR COURT
Docket No. SA 98-01
FCM - PEN-5/8/2000

MARILYN BRALEY,
Plaintiff,

v.

## DECISION AND JUDGMENT

HEATHER CHEPREN,
Defendant.

DONALD L. GARBRECHT
LAW LIBRARY

MAY 25 2000

This matter arises from a minor automobile collision on a travel way within a shopping center. The Plaintiff and the Defendant testified about the accident and each, though credible, had a different version of the causative event. However, because the Plaintiff failed to prove damages by a preponderance of the evidence, judgment must be for the Defendant.

The Plaintiff was the owner of a twelve (12) year old car when the incident occurred on October 8, 1996. It had been a gift to her from her daughter when it was a year old. The car was repaired subsequent to the accident and is still owned and operated by the Plaintiff. In short, the vehicle suffered only minor damage which did not impair its functional state. It was driven from the scene and has been in constant use ever since.

This case is brought in Plaintiff's name by State Farm Insurance Company. It paid the Plaintiff a sum of money based upon its contract with her and its understanding of its responsibility to her. In order to do that, it followed certain procedures which it uses in the ordinary course of its business. Those procedures are of little relevance to the Defendant unless they are corroborated by evidence required under Maine law to prove damage.

Raymond Smith was State Farm's agent who appeared and offered

testimony relative to the Plaintiff's car which he has never seen. Although this auto has been constantly used since the incident in 1996, he valued it only at $150.00. That was his view of the salvage value of it. His opinion evidence made no reference to the car at issue. He dealt with evidence generated by records used in the ordinary course of his duties as an adjuster who works on approximately 200 files a month. It is to be noted that the Court accepted him as a person qualified by education, training and experience to offer opinion evidence. Further, his opinion was based on hearsay evidence "not excluded by the hearsay rule" See Rule 803 especially Rule 803(17) M.R.Evid. His testimony established the amount due his customer, the Plaintiff, under his view of State Farm's contract with her.

There are no inferences suggested by his testimony which are relevant or persuasive to the Court on the issue of damages. "A monetary award of damages based on a judgmental approximation is proper, provided the evidence establishes facts from which the amount of damages may be determined to a probability." Bradford v. Dumont, 675 A.2d 957 (Me. 1996). There is no such evidence here. In this Court's view this case falls within the doctrine most clearly announced by Qualey v. Fulton, 422 A.2d 773 (Me. 1980). In State v. Bartlett, 661 A.2d 1107, 1108 (Me. 1995) relying on Qualey, supra, the Maine Law Court said: ". . . the trial court, as factfinder, is not required to adopt the version of the truth proffered by either party. "The factfinder is permitted to draw a reasonable inference that logically flows from testimony or proved physical facts, so long as the evidence is such that it is probable and the inferred fact exists." Bradford v Harris, 499 A.2d 159, 161 (Me. 1985). A factfinder is entitled to believe some parts of witness testimony to the exclusion of others. Cit.om. It has the prerogative to selectively accept or reject testimony and to combine such testimony in any way."

Applying those maxims to the case at bar requires this Court to find that the opinion testimony of Raymond Smith bears no rational relationship to the Plaintiff's actual damage and is not credible with respect to "before and after value" of the automobile in question and is, therefore not relevant. Neither is his "cost of repair".

It is to be noted that the actual cost of repair was inquired into when Vernon Braley testified and he did not know the figure. Although he felt it was more than $500.00, this Court is not prepared to accept his hazy

recollection as a basis of cost of repair. Moreover, it was not his car and there was no testimony that he paid any bill. Thus, while his testimony might fix the maximum amount payable at $500.00, it is insufficient to support such a finding absent evidence of what was actually repaired.

More importantly, the owner of the vehicle expressed no opinion as to the value of the car prior to the accident and offered no opinion as to its value after the accident. In Black v. Goodrich, 237 A..2d 148 (Me. 1968) the Maine Law Court rejected a repair bill when there was no valid evidence of the fair market value of the vehicle before and after the accident. Its opinion was based on the fact that the witness "professed no independent knowledge of the condition of the automobile before the accident." Id. page 148. That is the case here.

No inference can be drawn in the case at bar from the statistical hearsay of the Plaintiff's witness. Raymond Smith's testimony is not relevant to the case at bar and the amount State Farm elected to pay under its contract is not evidence of the cost of repair. Maine law has long been "that the plaintiff is entitled to recover the difference between the value of the car before and after the accidend (cit. om.) The cost of repair may be an important element in determining that figure, but it is not conclusive." Collins v. Kelley, 133 Me 410, 412, 175 A. 65 (Me. 1935). Judgment must be for the Defendant because there is no valid evidence of damage.

The Order will be: Judgment for the Defendant. The Clerk is directed to incorporate this Order into the docket by reference pursuant to M.R.Civ.P Rule 79 (a).

Dated: MAY 8, 2000

Francis C. Marsano
JUSTICE, SUPERIOR COURT

Date Filed __8/3/98__ __PENOBSCOT__ Docket No. ___SA-98-01__ . _____
County

Action ___CIVIL-MONEY JUDGMENT_____

Assigned to Justice Francis C. Marsano

| MARILYN BRALEY, | vs. | HEATHER CHEPREN, |
|---|---|---|

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Charles Hodsdon, Esq.<br>PO Box 1006<br>Bangor, Maine 04402-1006 | ~~Carl McCue, Esq.~~ Paul J. Morrow, Esq.<br>40 Western Ave., PO Box 655<br>Hampden, Maine 04444-0655 |

| Date of Entry | |
|---|---|
| 8/3/98 | Removal from District Court, District Three, Division of Southern Penobscot, Bangor, Maine. BAN-98-CV-281 The following papers were received and filed:<br><br>1. Complaint with attached exhibit A<br>2. Summons<br>3. Notification of Discovery Service<br>4. Answer to Complaint<br>5. Notice of Removal<br>6. 3 miscellaneous filings<br>7. Attested copy of District Court docket entries |
| 8/4/98 | Case File Notice and Pretrial Scheduling Statement and Jury Demand forwarded to Plaintiff's attorney. |
| 8/4/98 | Notice of Removal forwarded to attorneys of record. |
| 8/10/98 | Pretrial Scheduling Statement filed by Plaintiff. |
| 9/15/98 | Expedited Pretrial Order filed. Discovery to be closed by 3/01/99. This case will be placed on the non-jury trial list 30 days after close of discovery. This Order is incorporated into the docket by reference at the specific direction of the court. (Mead, J.) Copy forwarded to attorneys of record. Report of Conference of Counsel form forwarded to Plaintiff's counsel. |
| 9/29/98 | Notification of Discovery Service filed by Defendant: Defendant's Answers to Plaintiff's Interrogatories and Interrogatories Propounded to Plaintiff. |
| 10/29/98 | Notification of Discovery Service filed by Plaintiff: Plaintiff's Answers to Interrogatories Propounded by Defendant. |