**Harold J. AXTELL**

v.

**Betty L. AXTELL.**

Supreme Judicial Court of Maine.

Argued Sept. 12, 1984.

Decided Oct. 24, 1984.

---

Strout, Payson, Pellicani, Cloutier, Hokkanen, Strong & Levine, Esther Bernhart (orally) Robert J. Levine, Rockland, for plaintiff.

Eaton, Glass, Marsano & Woodward, Francis C. Marsano (orally), Belfast, for defendant.

Before McKUSICK, C.J., and NICHOLS, VIOLETTE, WATHEN, GLASSMAN, and SCOLNIK, JJ.

SCOLNIK, Justice.

The defendant, Betty L. Axtell, appeals from that part of a Superior Court (Knox County) divorce judgment that divided the marital assets pursuant to 19 M.R.S.A. § 722–A. On appeal she alleges, *inter alia*, that the trial judge erred because he failed to determine the value of Mr. Axtell's federal pension and to allocate to Mrs. Axtell any portion of the pension. Because we discern no abuse of discretion, we affirm the judgment.

In August, 1983, after twenty-three years of marriage, Harold Axtell commenced this action for divorce. At trial, both he and Betty Axtell substantially agreed to a list of their marital property. They stipulated that their Rockland house was marital property.[1] The trial justice,

---

1. Despite this stipulation, the defendant protests the trial justice's refusal to admit evidence intended to attribute to the house the characteristics of a "gift" to Mrs. Axtell from her parents, even though it was purchased by and conveyed to Mr. Axtell alone. By offering such evidence,

without objection by the parties to such characterization, declared Mr. Axtell's federal pension to be marital property. In addition to the pension and including the house, the approximate total value of the marital property was $70,000. In the division of the marital property, Betty Axtell was awarded the Rockland house ($40,000), a 1976 Datsun ($2,000), 380 shares of CMP stock ($6,000) some Depositors Trust Company stock ($1,100), an IRA ($4,700), a golf cart ($1,200), and the household furniture ($3,710). In addition, the divorce court allocated to her a Heritage Money Market account ($6,000) and funds in the Government Employees Credit Union ($3,066.79) as a lump sum payment to supplement the $150 monthly alimony which Mr. Axtell was ordered to pay for the next fifty months.

The court allocated to Mr. Axtell a 1983 Oldsmobile ($6,000), a boat and motor ($500), two life insurance policies, and the federal pension. It did not determine the value of the insurance policy or the pension. The defendant finds fault particularly with the court's failure to set forth the value of the federal pension.

■ It is well settled that the disposition of marital property is a matter committed to the sound discretion of the divorce court, and that court's decision is reviewable only for abuse of discretion. *Stevens v. Stevens,* 448 A.2d 1366, 1371 (Me.1982); *Bryant v. Bryant,* 411 A.2d 391, 393 (Me. 1980). At the same time, in arriving at an equitable distribution of the marital assets, the divorce court's discretion is limited by the clear directive of 19 M.R.S.A. § 722–A. The statute calls for a division of "marital property in such proportions as the court deems just after considering all relevant factors...." These factors include the contribution of each spouse to the acquisition of the marital property, the value of the property set apart to each, and the economic circumstances of the parties at the time the division is to become effective.

Moreover, because the relation of marital property to individual marital partners is unique, the court may consider other matters peculiar to the case under consideration in order to obtain a just result. *Fournier v. Fournier,* 376 A.2d 100, 103 (Me. 1977).

■ In support of her argument that the court committed an abuse of discretion, the defendant reads out of context certain language contained in the court's decision. The substance of the court's order, however, is sound and completely resists the characterization urged by the defendant. Essentially, the defendant objects to three aspects of the divorce judgment.

First, she sees an abuse of discretion in the announced premise upon which the court divided the property:

... in a marriage of this long, [sic] the value of a marital asset should be divided approximately equally.

Second, she faults the court's statement that, in allocating the pension, it would

... attempt to avoid undue complications of this matter by viewing the federal pension as a marital asset and allocating that pension to Mr. Axtell in this case, if it can do so without a resulting inequitable division of the other assets.

Third, the defendant objects to the court's reference to "the uncertainties regarding valuation of the federal pension benefits."

Standing alone, these expressions are indeed troublesome. The first passage appears to violate the command of § 722–A(1) which calls for a "just" rather than an equal division of marital assets. The second and third appear to express a greater concern for efficiency than for equity. Certainly, § 722–A does not mandate simple or "uncomplicated" dispositions of property. Moreover, the failure of the court to determine the value of the pension appears to ignore § 722–A(1)(B) and does not follow this Court's own teaching in *Grishman v.*

---

the defendant sought to establish a greater contribution by Mrs. Axtell to the marital estate. This argument lacks merit. The court appropri-

ately declined to consider the underlying intent of the gift as too intangible to constitute a contribution to the marital estate.

*Grishman,* 407 A.2d 9 (Me.1979). In *Grishman* we said:

> [n]otwithstanding the discretion so vested in it, the divorce court will do well in such a case as this to particularize the several amounts awarded for arrearages in support, alimony, and in division of the marital property. Casting the judgment in specific amounts will make the result more comprehensible for the litigants and will facilitate appellate review as often as such review may become necessary.

*Id.* at 12. Needless to say, our task here on appeal is not at all facilitated by the failure of the trial court to assign a specific value to the pension. To determine whether this omission was prejudicial to Mrs. Axtell, we must look at the provisions of the decree in their entirety and determine whether, viewing the parties' real and personal property as a whole, the divorce court made a just and equitable distribution. *Zillert v. Zillert,* 395 A.2d 1152, 1157 (Me.1978).

The court's decree betrays neither a mechanistic adherence to simple notions of "equality," nor any undue concern for efficiency. The mandate of § 722–A clearly controls the disposition here. Properly, the justice did "not consider any question of fault in determining allocation of the marital property." He considered the present and future employment status of both Mr. and Mrs. Axtell. Apart from the pension, he adduced the total value of the marital assets and noted that "additional considerations require some adjustments in the division in this case." Also among the justice's considerations were the expenditures of each party since their separation, support for Betty Axtell until she could regain employment, "Mrs. Axtell's substantial contribution to the marital estate as a homemaker, [and] Mr. Axtell's financial contributions to the marriage which ... have been responsible for by far the greater portion of the value of increase in the marital assets...." The court's allocation of the entire pension to Mr. Axtell, even if partly motivated "to avoid undue complication," cannot be said to have been at the expense of the criteria enunciated by § 722–A.

▮ The defendant also contends the justice abused his discretion by "basing" his allocation of the marital property upon Mr. Axtell's financial contributions to the marriage, neglecting Mrs. Axtell's own substantial contributions as a homemaker. Were this true, it might indeed be an abuse of discretion, violating § 722–A(1)(C) and disregarding the teachings of *Pepin v. Pepin,* 429 A.2d 1005 (Me.1981) and *Grishman.* As noted earlier, however, the justice pointedly acknowledged Mrs. Axtell's contributions. Although the language of the decree appears to rate more highly the financial contributions of Mr. Axtell, there is no evidence that Mrs. Axtell's contributions were not considered by the Court in its determination of the allocation. The defendant's claim that the justice "based" his award solely on the contributions of one party is simply unsupported by the record.

▮ The decree in substance complies with the requirements of § 722–A. Well within the mandate of the statute, the justice chose to allocate the entire pension to Mr. Axtell. The defendant's insistence that she is entitled to a percentage division of the income from the pension confuses the present value of a vested pension with the proceeds it may generate in the future. The right to pension income terminates upon death of the retiree and may loosely be characterized as an expectancy. Because of differences in life expectancy, the present value of federal pensions vary, yet the expected monthly income payments may be the same. Therefore, although evidence of anticipated monthly income in a vested pension may be sufficient for purposes of awarding alimony,[2] a determina-

---

**2.** *But see Thompson v. Thompson,* 438 A.2d 839 (Conn.1981), where, for purposes of fashioning an alimony order, the court found the contin- gencies in unaccrued benefits in an *unvested* pension susceptible to reasonably accurate quantification by using "generally actuarial

tion of the present value of the pension itself, which we hold § 722–A requires, must be based on evidence that makes possible the application of actuarial principles. *See Thompson v. Thompson,* 183 Conn. 96, 438 A.2d 839, 841 (1981).

Any failure by the court to assess the value of the pension was primarily attributable to the defendant's tactical decision not to produce any evidence of present value to assist the court in its deliberations. She may not now be heard to complain that uncertainty in fixing the pension's value was an improper factor that the court considered in arriving at its decision. *See McDonald v. McDonald,* 122 N.H. 339, 443 A.2d 1017 (1982). Given the evidence offered at trial, the actual division of the marital property, and the overall conformity of the decree to the concerns of § 722–A, we conclude that the justice did not commit an abuse of discretion.

The entry is:

Judgment affirmed.

All concurring.

principles" to discount for mortality, interest and probability of reaching retirement age; *see also* Hardie "Pay Now or Later: Alternatives in the Disposition of Retirement Benefits on Divorce," 53 Calif.St.B.J. 106, 108–109 (1978); *see also* 5 U.S.C. § 8345(j) which permits assignment of a portion of a pension.