**Rena COLE**

v.

**Alden COLE.**

Supreme Judicial Court of Maine.

Argued May 11, 1989.
Decided July 13, 1989.

full-time duties of a wife and mother until the youngest of the parties' two children left home. Since then, Mrs. Cole, who is now 45, has been employed on a part-time basis as a mail carrier, as a school lunch assistant and as an aide to the elderly and infirm. She earns less than $5,000 per year. She testified that she has not sought further education because of her feeling that she emotionally would not be able to handle the work.

Mr. Cole, 52, has a high school education and vocational training in the course of his employment for the Federal Aviation Administration (FAA). He earns an annual salary of $49,601. Mr. Cole has accumulated approximately thirty-one years of service under the Federal Civil Service Retirement System and has contributed $43,629.88 toward the pension from payroll deductions. Approximately $9,500 of the contributions, however, were made prior to the marriage. Mr. Cole will be eligible for full retirement benefits at the age of 55, having already worked the requisite thirty years of service. Also, since 1983, with Mrs. Cole's assistance, Mr. Cole has operated a lobster fishing business valued at approximately $19,000.

Roberta S. Kuriloff (orally), Penobscot, for plaintiff.

Rebecca A. Irving (orally), Machias, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, CLIFFORD, HORNBY and COLLINS, JJ.

CLIFFORD, Justice.

The plaintiff, Rena Cole, appeals from an order of the Superior Court (Washington County, *Archibald, A.R.J.*) affirming a divorce judgment of the District Court (Machias, *Clapp, J.*). Because we conclude the District Court committed clear error in determining the value of Alden Cole's pension,[1] and that the alimony is insufficient, we vacate the judgment.

The parties were married on April 15, 1963 in Presque Isle. Before the marriage, Mrs. Cole had completed high school and had worked as a lunch counter attendant. After the marriage, she attended to the

The trial court found that "during the course of their twenty-five-year marriage the parties have operated as a team and each has put full effort into the family endeavors." Mrs. Cole was found to have "provided domestic support and assistance to supplement the economic efforts of [Mr. Cole]."

A divorce judgment, dividing the couple's marital property, was entered in February 1988. In its judgment, the District Court found the pension, in which Mr. Cole has vested rights, to have a value of $34,129.88, the amount of Mr. Cole's contribution to the pension during the time of the marriage. The court further awarded Mrs. Cole alimony of $300 every two weeks for a period of five years or until Mr. Cole retires from the FAA, whichever occurs first.

---

1. We review the proceedings of the District court as though on initial appellate review. *Dunning v. Dunning,* 495 A.2d 821, 823 n. 1 (Me.1985); *Williams v. Williams,* 444 A.2d 977, 978 (Me.1982).

Thereafter, the court ordered Mr. Cole to pay Mrs. Cole $200 every two weeks for a period not to exceed ten years.[2] This appeal followed the denial of Mrs. Cole's appeal to the Superior Court.

■ We agree with Mrs. Cole's contentions that the trial court committed clear error in the value it placed on the pension and that the alimony is insufficient.

At trial, Mrs. Cole presented two witnesses who testified about the value of the pension. Robert J. Conrad, Mr. Cole's supervisor, explained the general formula used by the FAA to calculate retirement benefits, and plugged a hypothetical salary into that formula. He also discussed, in very general terms, some variables that could affect retirement benefits, such as the possibility of an employee quitting, being fired or being transferred. Marge Erhardt, a certified financial planner and investment broker, testified that the present value of the future interest in Mr. Cole's pension was $205,654. She based this figure on retirement at age fifty-five, a life expectancy of 21.7 years, an annuity of $23,160 per year, and a seven percent interest rate. The trial court rejected the testimony of Conrad and Erhardt as too speculative, and instead, valued the pension at $34,129.88, the amount of Mr. Cole's contributions to the pension during the marriage.

Although the court could properly reject the present-value figure of $205,654 if it found the testimony as to that value unconvincing and speculative, *Bartlett v. Lindahl*, 560 A.2d 563, 564 (Me.1989), limiting the value of the pension to the amount of Mr. Cole's contributions made during the marriage is clear error. Such a value ignores contributions to the pension made by Mr. Cole's employer, the FAA, *see* 5 U.S.C. § 8334 (1980 & Supp.1989), and the fact that the combined funds are invested and grow through accrual of interest. *See Dewan v. Dewan*, 399 Mass. 754, 506 N.E.2d 879, 883 (1987) (original property judgment erroneously valued husband's pension under federal employee's civil service retirement plan as amount of money that husband contributed to the plan).

■ Contrary to Mr. Cole's contention, Mrs. Cole does not bear the sole burden of establishing the present value of the pension.[3] It is the function of the trial court to review the evidence, establish, where possible, values of marital property and divide that property in such proportion as the court deems fair and just. *See Hebert v. Hebert*, 475 A.2d 422, 425 (Me.1984) (disposition of marital property is a matter committed to the sound discretion of the trial court); *Wardwell v. Wardwell*, 458 A.2d 750, 752 (Me.1983) ("It is the divorce court that must, in every instance, determine that the property settlement is fair and equitable after considering all relevant factors."); *Zillert v. Zillert*, 395 A.2d 1152 (Me.1978) (the task of the trial court is to view the real and personal property of the parties as a whole and to make a just and equitable distribution); 19 M.R.S.A. § 722–A(1) (1981) ("[T]he court shall set apart to each spouse his property and shall divide the marital property in such proportions as the court deems just ...").

■ Consequently, in the case at bar, where the trial court apparently doubted the data of Mrs. Cole's witnesses, it was not free to blindly accept the only other figure relating to the pension in the record when that figure clearly did not reflect an accurate value. The value determined must reflect a reasoned evaluation by the court of all of the evidence. *See Shirley v. Shirley*, 482 A.2d 845, 849 (Me.1984) ("[A]ny estimate [of value] that is within the range of expert opinion is valid provid-

---

**2.** Alimony would be terminated upon Mrs. Cole's remarriage or death.

**3.** This case is distinguished from *Axtell v. Axtell*, 482 A.2d 1261, 1265 (Me.1984), where the entire pension of the employee-spouse was allocated to the employee-spouse without placing any specific value on the pension. We held that the failure by the court to assess the pension's value was primarily attributable to the nonemployee-spouse's tactical decision not to produce any evidence of present value to assist the court. *Id.* at 1265. Unlike *Axtell*, in the case at bar, Mrs. Cole presented evidence of the present value of the pension and the trial court did place a value on the pension, a value erroneous as a matter of law.

ed the presiding justice reached his own conclusion through an independent review of the evidence.").

 Because the trial court's valuation does not come close to reflecting the true value of the pension, we must vacate the judgment. On remand, the trial court shall have the discretion to open the record to allow the parties to introduce additional evidence. In addition to placing a value on the pension, the court may consider, among other options, either assigning each party a percentage of the present value of the future pension benefits, or determining the percentage of the pension that Mrs. Cole is entitled to at the time of the divorce, but postponing the actual benefit sharing until the pension is received. *See Axtell v. Axtell,* 482 A.2d 1261, 1265 (Me.1984); *Dewan,* 506 N.E.2d at 881; *Whitfield v. Whitfield,* 222 N.J.Super. 36, 535 A.2d 986, 993 (1987). Because the value of the pension could have a significant impact on all economic provisions of this divorce judgment, we direct the trial court on remand to reassess the fairness of all the provisions of the judgment, including alimony.

Moreover, under the present divorce judgment, given Mrs. Cole's age and limited employment skills, and the fact that she did not share in the pension benefits of Mr. Cole, the alimony as awarded was inadequate. In determining alimony, the divorce court must consider a multitude of factors such as each party's income, earning capacity, financial worth, age and health as well as the social position attained by the parties during marriage. *See Skelton v. Skelton,* 490 A.2d 1204, 1207 (Me.1985); Levy, *Maine Family Law* § 8.2 (1988); 19 M.R.S.A. § 722–A (1981). The trial court must consider the effect that spending many years in the role of spouse and homemaker has on the opportunity for the development of a spouse's marketable employment skills. *Skelton,* 490 A.2d at 1207; *see also Prue v. Prue,* 420 A.2d 257, 259 (Me.1980) (trial court did not abuse its discretion in awarding wife $100,000 payable in lieu of alimony given that husband was retired engineer with estate valued over $200,000 and wife had no employable skills, had completed only sixth grade and, to support herself, would be limited to only unskilled, part-time work).

The entry is:

Judgment vacated. Remanded to the Superior Court with instructions to remand to the District Court for further proceedings consistent with the opinion herein.

All concurring.