**Patricia A. TARR**

v.

**Robert C. TARR.**

Supreme Judicial Court of Maine.

Argued Jan. 16, 1990.

Decided Feb. 27, 1990.

Michael J. Levey (orally), Winthrop, for plaintiff.

Mark E. Susi (orally), Gardiner, for defendant.

Before ROBERTS, WATHEN, GLASSMAN, HORNBY and COLLINS, JJ.

WATHEN, Justice.

Plaintiff Patricia A. Tarr appeals from an order of the Superior Court (Kennebec County, *Alexander, J.*) affirming a divorce judgment of the District Court (Augusta, *Perry, J.*). On appeal, plaintiff argues that the trial judge erred by ruling that *Axtell v. Axtell*, 482 A.2d 1261 (Me.1984), precluded the court from allocating to her, as marital property, a portion of defendant Robert Tarr's vested federal civil service pension because she failed to provide evidence of the pension's present value. We agree with plaintiff's contention and vacate both the division of property and the alimony award.

In December, 1988, plaintiff, 53, and defendant, 56, were divorced after twenty-seven years of marriage. During the marriage defendant worked as a fire fighter for the Veterans Administration while plaintiff was the homemaker, raising three of defendant's children by a previous marriage as well as one child of the marriage. At the time of trial plaintiff worked at a nursing home as a Certified Nurses Aid, making approximately $194 per week gross. Defendant was retired from the Veterans Administration and was receiving payments from his federal civil service pension at the rate of $1162 per month gross.[1] Though not disabled, defendant was not otherwise employed.

Exclusive of the pension, the disposition of marital property was virtually equal.[2] Citing *Axtell*, the District Court refused to allocate any portion of the pension to plaintiff because she failed to provide any evidence of the pension's present value. Allocating the entire asset to defendant, the court ruled that "defendant's marital property interest in his pension is the amount accrued since his last pension check." With respect to alimony, the court awarded plaintiff $150 per month, ordering defendant to arrange with his payor to have that amount directly paid to plaintiff from his monthly pension check. This appeal follows the denial of plaintiff's appeal to the Superior Court.

With regard to the pension, the portion of the order to which plaintiff assigns error reads as follows:

> Plaintiff asks this court to allocate to her, as marital property, a portion of defendant's federal retirement payments but provides the court no basis for any determination of value. The amount payable to defendant from the Federal Government on a monthly basis is pertinent to any alimony determinations which may be undertaken by the court but avails nothing with respect to a determination of disposition of marital property. *See Axtell v. Axtell*, 482 A.2d 1261, 1265 (Me.1984). IT IS ORDERED THAT any interest which defendant may have in the Federal Civil Service Pension is set apart to him as marital property.

The language in *Axtell* to which the trial judge alluded reads in relevant part as follows:

> Because of differences in life expectancy, the present value of federal pensions vary, yet the expected monthly income payments may be the same. Therefore, although evidence of anticipated monthly income in a vested pension may be sufficient for purposes of awarding alimony, a determination of the present value of the pension itself, which we hold § 722–A requires, must be based on evidence that makes possible the application of actuarial principles.

*Axtell v. Axtell*, 482 A.2d at 1264–5 (footnote omitted).

 Plaintiff argues that evidence of present value is not a prerequisite to the division of a mature pension in the marital property context. In particular, plaintiff contends that where, as here, the pension represents the parties' greatest economic interest and there are insufficient other marital assets to offset the present cash

---

1. The pension, fully vested, is in the form of an annuity. There are no survivor benefits and defendant has no ability to make a lump sum withdrawal from the fund. Defendant received his first payment on June 1, 1987. The court found that the entire $25,030 that defendant contributed was earned during the marriage.

2. The parties received roughly $9000 of marital assets each.

value of the pension, a divorce court should be free to consider the "deferred distribution" method of disposing of the pension. We agree. Under this approach, the court awards to the non-pensioner spouse a percentage share of the monthly payments "if and when" received. *See, e.g., In re Gallo,* 752 P.2d 47, 55 (Colo.1988); *McDermott v. McDermott,* 119 A.D.2d 370, 507 N.Y.S.2d 390, 395 (N.Y.App.Div.1986). *See also Cole v. Cole,* 561 A.2d 1018, 1021 (Me. 1989). More importantly, because the pension is divided periodically as it is disbursed, evidence of the pension's present value is not required. *In re Gallo,* 752 P.2d at 55.

In *Axtell,* the trial justice allocated to Mr. Axtell his federal pension and other assets as his share of the marital property. Although the pension in *Axtell* was vested, as it is in the present case, it had not matured and the amount of any benefits that the husband might receive in the future was uncertain. The parties made no effort to assign any present value to the husband's expectancy and the court made no determination of present value. Other marital property was set aside to Mrs. Axtell. On appeal, she challenged the fairness of the division, arguing that the trial justice abused his discretion by failing to determine the present value of the pension. *Axtell v. Axtell,* 482 A.2d at 1263. In rejecting her claim of an unequal division, we held that the trial justice did not abuse his discretion, as "[a]ny failure by the court to assess the value of the pension was primarily attributable to [Mrs. Axtell's] tactical decision not to produce any evidence of present value to assist the court in its deliberations." *Id.* at 1265.

The suggestion in *Axtell* that section 722–A requires a determination of present value in every case is incorrect. We did not preclude the division of a pension as marital property for lack of present value evidence; rather, in the circumstances of that case, we imposed a burden of production on the party challenging the fairness of the division of marital property on appeal. Thus, in order for Mrs. Axtell to succeed in her claim of an unfair division, we held that it was necessary that she produce evidence of the present value of the pension.

We vacate the judgment in this case and remand for reconsideration of the economic provisions of the divorce judgment.

The entry is:

Judgment vacated. Remanded to the Superior Court with instructions to remand to the District Court for further proceedings consistent with the opinion herein.

All concurring.