Andrew **DEDITCH**

v.

Irene **DEDITCH.**

Supreme Judicial Court of Maine.

Submitted on Briefs Nov. 16, 1990.
Decided Dec. 31, 1990.

---

Coleman G. Coyne, Paul P. Murphy, Murphy & Coyne, Lewiston, for plaintiff.

Roger J. O'Donnell, III, Platz & Thompson, Lewiston, for defendant.

Before McKUSICK, C.J., and WATHEN, GLASSMAN, CLIFFORD, COLLINS and BRODY, JJ.

McKUSICK, Chief Justice.

The primary issue raised by Irene Deditch on her appeal from the divorce judgment entered by the District Court (Lewiston, *Beliveau, J.*) is whether the court erroneously undervalued her contribution as a homemaker to the marriage, including the business run by her husband, Andrew Deditch. Finding no error in the court's division of marital property that awarded the husband all of the business assets, or in the court's failure to award the wife alimony beyond health insurance[1] or full attorney fees, we affirm the order of the Superior Court (Androscoggin County, *Alexander, J.*) that affirmed the divorce judgment.

Andrew and Irene Deditch were married in 1956. After spending time in the Navy and working at various jobs, the husband in 1973 started an electric service business, now operated as A.D. Electric, Inc., that specializes in the installation of airport navigational and traffic control systems. The husband incorporated the business in 1975. Although the wife served as the corporation's first treasurer for a couple of years, her work for the corporation in succeeding years was minimal.

As the corporation prospered, the couple began to buy real estate to provide them with investment and retirement income. By the time of the divorce, the couple owned an unimproved lot in Poland and the following properties in Lewiston: an unimproved lot on Lemieux Street, an 8–unit apartment building on Tanglewood Street,

---

1. Payment of health insurance constitutes alimony. *See Bryant v. Bryant*, 411 A.2d 391, 395 (Me.1980).

a 4–unit apartment building on Sabbatus Street, and a single-family house on Grove Street. The marital residence was in one half of another property on Grove Street owned by the couple. The wife managed the rental real estate, collecting rent from tenants, making the mortgage payments, and arranging for repairs and maintenance.

In 1986, the couple separated. At about the same time, the wife was diagnosed as having colon cancer, which made it difficult for her to work outside of the home. In 1987 the husband, finding that he needed more space for the business than he had in his Lewiston headquarters, purchased a farm in Monmouth to store and maintain the company's equipment.

When the husband filed for divorce in June 1988, only one of the couple's children was still a minor. The court awarded shared parental rights and responsibilities for that son and charged the husband with paying the wife weekly child support of $100. The court determined that all of the couple's property was marital. The husband received a property allocation valued at about $1,004,400. The bulk of that award consisted of all the stock of A.D. Electric. While the court valued that stock at $669,000, it noted that the value was difficult to determine because the uniqueness of the business made it not really salable. The husband also received from that award the real estate in Lewiston and Monmouth associated with the business, his 401–K plan, his IRA account, a life insurance policy, an unvalued limited partnership, and certain bank accounts. The wife received marital property valued at about $612,800, including the marital residence and the other real estate in Lewiston and Poland, her small 401–K plan, her IRA account, various other bank accounts, and the couple's three cars. In addition, the husband was required to pay off the mortgage on one of the properties, which was about $4,000 at the time of the divorce hearing, to maintain in the future health insurance for the wife; and to pay the wife $1000 toward her attorney fees. No alimony beyond the wife's health insurance was awarded by the court.

The wife challenges the District Court's division of marital property, its failure to award her cash alimony, and its denial of her full attorney fees. When we review the divorce court's decision on these issues, we are mindful that the "[i]ncidents of divorce ... are all addressed to the sound discretion of the divorce court." *Brandis v. Brandis*, 489 A.2d 1110, 1111 (Me.1985). We will affirm the court's decision on these matters unless "the court has violated some positive rule of law or has reached a result which is plainly and unmistakably an injustice...." *Capron v. Capron*, 403 A.2d 1217, 1218 (Me.1979). We find no such violation or injustice in the divorce judgment entered here.

■ In order to make a "just" division of marital property, the divorce court is required by 19 M.R.S.A. § 722–A(1)(A) (1981) to weigh "[t]he contribution of each spouse to the acquisition of the marital property, including the contribution of a spouse as homemaker...." In discussing the A.D. Electric business, which is indisputably marital property, the court found that the husband's "skill, planning and hard work ... contributed to the success of the business" and that "the business continues to be successful and profitable due only to the efforts and skills of [the husband]." We do not agree with the wife that this language demonstrates that the court erred in applying section 722–A when it awarded all of the business assets to the husband. Although the court found that the husband's contributions to the business were more significant than the wife's, this emphasis was not tantamount to ignoring her contributions to the marriage. *See Robinson v. Robinson*, 554 A.2d 1173, 1175 (Me.1989).

■ In fact, the court did assess the wife's contributions to the acquisition and growth of the marital property. Although the court concluded that the wife's "contribution to the success of the business was and is negligible," the divorce judgment clearly determined that she made a significant contribution to the acquisition and maintenance of nearly all of the marital property that was not associated with the electric business. The divorce decree

awarded the wife the bulk of the remaining marital property, including the marital residence and all of the couple's income-producing rental units. Although the award of the electric business to the husband and the rental and residential real estate to the wife resulted in an unequal division in the dollar value of the marital property, we cannot say that the division does not fall within the range of the divorce court's discretion to determine what is "just" in light of all relevant factors. *See id.* at 1176 ("[a]lthough the idea of an equal allocation may certainly be entertained by a divorce court, it carries no presumptive weight either in its favor or against it"); *Moulton v. Moulton*, 485 A.2d 976, 979 & n. 3 (Me. 1984). "[T]here is no evidence that [the wife's] contributions were not considered by the Court in its determination of the allocation." *Axtell v. Axtell*, 482 A.2d 1261, 1264 (Me.1984).

■ We also reject the wife's challenge to the court's failure to award her any alimony beyond health insurance. In considering the award of alimony under the statute in effect at the time that the divorce judgment was entered,[2] the divorce court is required to "consider a multitude of factors such as each party's income, earning capacity, financial worth, age and health as well as the social position attained by the parties during marriage." *Cole v. Cole*, 561 A.2d 1018, 1021 (Me. 1989). The court may also consider the division of marital property that its decree makes, and whether the property distribution provides the wife with the income necessary to meet her living expenses. *See Cushman v. Cushman*, 495 A.2d 330, 335 (Me.1985). Here, the wife presented testimony that her monthly expenses exceeded her monthly income. That evidence was rebutted by the husband's expert real estate appraiser, who testified that the wife was renting the income properties at below-market rates. Not only did the court find the husband's expert credible, conclud-

ing that "[i]t is apparent from the evidence that the rentals which she charges to her tenants is somewhat less than area market rents ...," the court also found that the wife had produced insufficient evidence of her expenses. The court did not abuse its discretion by determining that the wife would have the means of supporting herself if she increased the rents, and that, consequently, no cash alimony was warranted. Furthermore, if the wife's health should deteriorate to the point that she no longer is able to manage the rental properties, she would have it open to her to seek a modification of the divorce judgment to provide for alimony beyond the health insurance. *See* 19 M.R.S.A. § 721 ("[t]he court may at any time alter ... a decree for alimony ... when it appears that justice requires it...."); *see also Williams v. Williams*, 444 A.2d 977, 979 & n. 3 (Me. 1982).

■ Finally, we find no merit in the wife's contention that the divorce court abused its discretion by not awarding her full attorney fees. In fixing the amount of the attorney fee award, the court looked at the entire judgment as it was required to do. *See Most v. Most*, 477 A.2d 250, 263 (Me.1984). Because the wife had been awarded substantial assets, the divorce court within its discretion could conclude that she was able to absorb all but a portion of the costs of the divorce litigation. *See Lagarde v. Lagarde*, 437 A.2d 872, 876 (Me.1981).

The entry is:

Judgment affirmed.

All concurring.

---

**2.** At the time of the divorce, alimony was awarded pursuant to 19 M.R.S.A. § 721 (1981), which provided that "[t]he court may decree to either spouse reasonable alimony out of the estate of the other spouse, having regard to that

spouse's ability to pay...." P.L.1989, ch. 250, § 1 (effective Jan. 1, 1990) repealed and replaced section 721, adding a list of factors that the court must consider in awarding alimony. *See* 19 M.R.S.A. § 721(1)(A)–(O) (Supp.1990).