**Maurice MARQUIS**

v.

**Jeannine CHARTIER** [1].

Supreme Judicial Court of Maine.

Submitted on Briefs May 21, 1991.

Decided June 5, 1991.

**1.** Pursuant to the District Court's judgment, defendant Jeannine Marquis has resumed the use of the name Jeannine Chartier, her name at the time of the marriage. The caption of this case has accordingly been changed to reflect that fact.

Irving Friedman, Lewiston, for plaintiff.

Leonard I. Sharon, Robert A. Laskoff, P.A., Lewiston, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, COLLINS and BRODY, JJ.

COLLINS, Justice.

Jeannine D. Marquis appeals, and Maurice Marquis cross-appeals, from a judgment in the Superior Court (Androscoggin County, *Alexander, J.*) affirming the judgment of the District Court (Lewiston, *Bradley, J.*) that granted Maurice a divorce from Jeannine and divided the marital property between the parties. Finding no abuse of discretion in the District Court's division of Maurice's pension benefits, distribution of the other marital property, or lump sum award in lieu of alimony, we affirm the judgment.

Maurice and Jeannine were married in 1978 when he was 42 and she was 40; both had been married once before. No children were born of the marriage. At the time of the divorce, Maurice had worked for the City of Lewiston for approximately 30 years. He was injured in an automobile accident during the marriage and received both workers' compensation benefits and a jury verdict of $45,000 as a result. The court found his recovery on that verdict to be marital property. Maurice works in a supervisory capacity for the Public Works Department; he testified that he cannot perform much physical work due to back problems.

Jeannine works part-time as a hostess at Arby's. She has an eighth-grade education and can only work part time due to persistent pain from a back injury that she suffered prior to this marriage. She received a workers' compensation lump sum settlement of $45,000 for that injury during the marriage, of which she used $16,000 to pay off the outstanding mortgage on the parties' mobile home. The court found that lump sum settlement to be marital property.

The major issue before the District Court was the proper valuation and disposition of Maurice's pension benefits. The court found that, because the parties had been married for ten years while Maurice had been making pension contributions for just over twenty years, one-half the value of the pension was non-marital property and the other half was marital. The only evidence before the court as to the value of the pension was the testimony of Michael Gallagher, an actuary who was an expert witness for Jeannine. He testified that the pension could yield a benefit of $661.45 per month, beginning immediately, and that the total present value of the pension was therefore $122,000, an amount that reflects a discount for standard mortality rates and for the time value of money as reflected by

interest rates.[2] The court's order granted one-half of the marital half of the pension benefits, or one-quarter of the total value, to Jeannine; that award had a present value of $30,500.

Maurice moved for clarification on the basis that "it is unclear to Plaintiff how the award of one-half of the marital portion of Plaintiff's pension will be effectuated." The court responded:

> The Memorandum is hereby clarified to order Plaintiff to pay to Defendant 25% of the total monthly pension amount received by him. Said payments by Plaintiff to Defendant shall be made immediately upon his receipt of said monthly pension payments.

By motion, Jeannine thereupon asserted that "the Court's clarification creates a situation whereby Defendant will receive 25% of the pension as the husband gets it and this will not have a present money value of $30,500 since she will be getting it piecemeal in the future." She therefore requested a lump sum payment of $30,500. Implicitly denying that motion, the court entered a judgment that incorporated the order to pay 25% of the monthly pension benefits upon receipt. The District Court's judgment also awarded Jeannine the mobile home, various home furnishings and appliances, and the remaining $30,000 from her workers' compensation settlement. The court awarded Maurice the automobile and various home furnishings and appliances. With regard to the $20,000 remaining from

Maurice's $45,000 judgment, the court awarded $10,000 to Maurice and $10,000 to Jeannine in lieu of alimony.

Jeannine appealed to the Superior Court, and Maurice cross-appealed. At the hearing on the appeal, the court (*Alexander, J.*) found no abuse of discretion in the award and distribution of the marital property, and therefore denied both appeals. Jeannine now appeals, and Maurice cross-appeals. We review directly the action of the District Court. *Williams v. Williams*, 444 A.2d 977, 978–79 (Me.1982).

Jeannine contends on appeal that the District Court abused its discretion when it initially determined the present value of the pension and thus the present value of her share, and then switched to a deferred distribution method of disposing of the pension by allocating her share out of each payment received by Maurice. She argues that the court's method of distribution improperly blended the two proper methods of distributing pension benefits, in such a fashion as to reduce the value of her share. Contrary to her assertion, however, the court's final method of distributing the pension proceeds, through a deferred distribution, is actuarially identical to the present value method that the court initially contemplated.

■■■ The court initially determined that the present value of a one-quarter share of a hypothetical stream of pension payments of $661.45 beginning immediately is $30,500.[3] The court had the discretion

---

**2.** During cross-examination, Gallagher explained the definition of present value as follows:

> Q: I don't know if I already asked you this, but I repeat: Could you just define for me your def—give me your definition of present value? What exactly does it mean?
> A: Present value is the sum of the discounted values of the potential future payments of pension benefits in this case.
> Q: And could you give me a definition in layman's terms?
> A: It's the product of the amount that will be paid at some future date times the probability that the individual would be allowed to receive that payment, all discounted for interest between the present time and the payment date. That's done for each potential payment from today until the end of the mortality table that we have in use and the sum of all those

present values of each payment is the total value of the pension.

**3.** Maurice argues that the court's determination of the present value of the pension payments was clearly erroneous because Mr. Gallagher's testimony was unduly speculative. *See Cole v. Cole,* 561 A.2d 1018, 1020 (Me.1989). This argument is moot because the deferred distribution method adopted by the court does not require any present value calculation. *See Tarr,* 570 A.2d at 827–28.

Maurice also argues that the court improperly over-valued Jeannine's share of the pension, because he has not yet retired and thus will continue making pension contributions for some period into the future. However, the court was not required to make a mathematically precise division of the pension benefits, but a just and

to make the award either in the form of a lump sum present value or in the form of a one-quarter share in each pension payment as it is made. *See Tarr v. Tarr*, 570 A.2d 826, 827–28 (Me.1990). Jeannine contends, however, that the court improperly diminished the value of an award in the amount of $30,500 by deferring its payment into the future.

 That is not what the court did. The court did *not* cap the total value of the benefits to be received by Jeannine at $30,-500, which would indeed have improperly double-discounted her share. Instead, the court rendered the present value calculation irrelevant by using a deferred distribution method. The court's method was legally and actuarially correct. *Tarr*, 570 A.2d at 828. On appeal, we review the trial court's property division pursuant to 19 M.R.S.A. § 722–A (1981 & Supp.1990) only for an abuse of discretion. *West v. West*, 550 A.2d 1132, 1133 n. 1 (Me.1988); *Most v. Most*, 477 A.2d 250, 262 (Me.1984). We find no abuse of discretion in the court's manner of dividing the pension in this case.

 Jeannine argues, for the first time on appeal, that the court improperly failed to provide safeguards for her receipt of a portion of the pension benefits, in the form either of a "Qualified Domestic Relations Order" requiring the pension manager to pay her benefits, or of immediate distribution to her of the sum of $30,500 representing the present value of her share. However, she never requested that the District Court impose such safeguards. We find no obvious error. *Cf. Shirley v. Shirley*, 482 A.2d 845, 849 (Me.1984) (plaintiff's failure to provide estimates of value for marital property).

 Contrary to Maurice's assertions, the District Court did not abuse its discretion in dividing the marital property as a whole, nor in awarding to Jeannine a lump sum of $10,000 in lieu of alimony. *See West v. West*, 550 A.2d 1132, 1133 n. 1 (Me.1988); *Prue v. Prue*, 420 A.2d 257, 259 (Me.1980).

The entry is:

Judgment affirmed.

All concurring.

---

equitable one. *See Axtell v. Axtell*, 482 A.2d 1261, 1263 (Me.1984). The court could have concluded, in an exercise of sound discretion, that awarding Jeannine one-quarter of the pension benefits was equitable in light of "the contribution of each spouse to the acquisition of the marital property, the value of the property set apart to each, and the economic circumstances of the parties at the time the division is to become effective." *Id.*