**Roy A. MOORE**

v.

**Andrea L. MOORE.**

Supreme Judicial Court of Maine.

Argued June 5, 1992.
Decided June 17, 1992.

Graydon Stevens (orally), Kelly, Remmel & Zimmerman, Portland, for plaintiff.

Sarah Thornton (orally), James C. Hunt, Robinson, Kriger, McCallum & Greene, Portland, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD and COLLINS, JJ.

ROBERTS, Justice.

For the second time we review a decision of the Superior Court (Cumberland County, *Rogers, J.*) following a hearing held in October 1989 on a mother's motion for increased child support. *See Moore v. Moore*, 586 A.2d 1235 (Me.1991). Because we agree that certain findings are clearly erroneous, we vacate the order of the Superior Court.

Contrary to the father's contention, we conclude that the record contains adequate evidence of a material change in circumstances to permit a modification of the existing support order. In addition, the father concedes that he had the ability to pay an increased amount. Because of the substantial deference accorded the trial court in these circumstances, we would ordinarily vacate the support order only when the award is so plainly and unmistakably unjust that it becomes instantly apparent without dispute. *See Deditch v. Deditch*, 584 A.2d 649, 651 (Me.1990); *Smith v. Smith*, 419 A.2d 1035, 1038 (Me.1980). In this instance, however, the trial court's determination of the extent of the father's increased income is clearly erroneous. At paragraph 6 of its findings the court finds that the father's income increased from $69,000 in 1986 to $209,000 in 1987, $198,-000 in 1988, and $225,000 in 1989. The latter three amounts are clearly erroneous because they represent gross income, while the 1986 figure represents adjusted gross income.

These income figures do reflect some increase in the critical time period. We might tolerate some inaccuracy if the figures were used to demonstrate only an improved level of income. Unfortunately, in paragraph 10 of its order the court determines that the original child support constituted approximately 9% of $69,000 and that 9% of $225,000 suggests a weekly support of $390. That amount is exactly the amount ultimately deemed "reasonable and appropriate" in the court's conclusions of law. We do not reject as inappropriate a comparison of percentages as a factor to be considered. We must require, however, that the comparison be based on accurate figures. In these circumstances we cannot say the factual error was harmless.

Once again we must remand for reconsideration on the basis of a record now almost three years old. We note that the award of attorney fees, costs, and witness fees has not been challenged before us. In addition, we reject the father's contention that retroactive modification was an abuse of discretion. *See Wood v. Wood*, 407 A.2d 282, 288 (Me.1979). Because of the delay that occurred after our 1991 remand, we direct that the Superior Court, without further hearing, reconsider its award forthwith upon entry of our mandate.

The entry is:

Judgment vacated. Remanded for further proceedings consistent with the opinion herein.

All concurring.