[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTIONS TO STRIKE (DOCKET ENTRIES NOS. 101 AND 103)
By way of a complaint dated May 18, 1998, the plaintiff, Jennie Fitzpatrick, administratrix of the estate of John Fitzpatrick ("the plaintiff"), filed a three-count complaint against the defendants, Hall-Brooke Foundation, Inc. (Hall-Brooke) and Attorney Irwin J. Gordon (Gordon) (collectively "the defendants"). The plaintiff claims that the defendants acted improperly in obtaining a default judgment against the plaintiff's property. Specifically, the plaintiff alleges that Gordon, on behalf of Hall-Brooke, acted in a way that "lead [sic] the Court into error" and violated his responsibilities under the Rules of Professional Conduct.
In the first count of the complaint, the plaintiff alleges that, as a result of this "tortious conduct," the plaintiff incurred legal costs in instituting the present action and suffered slander of title and further economic detriment. In the second count, the plaintiff alleges that she has suffered statutory damages under General Statutes § 49-8(c) as a result of the defendants' failure to release a judgment lien on the property of the plaintiff. In the third count, the plaintiff alleges that the defendant violated the Connecticut Unfair Trade Practices Act (CUTPA). CT Page 11068
In individually filed motions to strike, the defendants have moved to strike the complaint in its entirety on the ground that the complaint fails to state a claim upon which relief can be granted. The plaintiff has objected to the defendants' motions to strike and filed a memorandum in opposition.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotation marks omitted.) Faulkner v. United Technologies Corp. , 240 Conn. 576,580, 693 A.2d 293 (1997).
I. First Count
In the first count, the plaintiff alleges that the actions of Gordon, acting on behalf of Hall-Brooke, constituted tortious conduct. Specifically, the plaintiff argues that the defendants acted improperly during a scheduled arbitration hearing and, furthermore, made improper use of these actions in attaching property following an unjustified default judgment. The plaintiff claims that at the time of the scheduled hearing, the plaintiff's outstanding motion for continuance had not yet been addressed. Furthermore, the plaintiff alleges that Gordon, in spite of the absence of opposing counsel and his own witnesses (all of whom were unable to attend because of severe weather), failed to abide by appropriate procedures requiring that the arbitrator proceed with the hearing. Instead, the complaint further alleges, Gordon improperly requested a default and judgment in violation of the General Statutes and the Practice Book.
The defendants move to strike the first count on the ground that it is legally insufficient. The defendants argue that the plaintiff's first count constitutes an insufficient allegation of abuse of process and thus properly should be stricken. According to the defendants, the plaintiff fails to allege any conduct by the defendants that would demonstrate that the legal process was used for purposes extraneous to those for which it was intended. The plaintiff maintains that the first count alleges separate tortious conduct on the part of the defendant that is distinct from any allegations of abuse of process that may also be present CT Page 11069 in the first count.
The plaintiff's first count alleges, in part, that Gordon's conduct was tortious because of his breach of procedural requirements and ethical standards of the Rules of Professional Conduct. A violation of the Rules of Professional Conduct, however, does not give rise to a private cause of action. SeeMozzochi v. Beck, 204 Conn. 490, 500-01, 592 A.2d 171 (1987);Noble v. Marshall, 23 Conn. App. 227, 231, 579 A.2d 594 (1990).
Furthermore, Connecticut courts have been wary of allowing third-party actions based on the conduct of an attorney in the course of representing a client. See Krawczyk v. Stingle,208 Conn. 239, 244, 543 A.2d 733 (1988) ("[a]s a general rule, attorneys are not liable to persons other than their clients for the negligent rendering of services"). Although the Connecticut Supreme Court has refused to grant attorneys absolute immunity for their actions while representing clients, the instances where an attorney representing a client may be sued by a third-party are relatively few; the court has been cognizant "not to adopt rules which would have a chilling and inhibitory effect on would-be litigants of justiciable issues. . . ." (Citations omitted; internal quotation marks omitted.) Mozzochi v. Beck, supra,204 Conn. 495. Thus, the scope of causes of action brought by a third-party against an attorney representing a client must generally be quite narrow. For instance, a third-party alleging abuse of process may pursue an action against an attorney only if the third-party can point "to specific misconduct intended to cause specific injury outside the normal contemplation of private litigation." Id., 497.
The plaintiff's first count attempts to create a cause of action that would circumvent the narrow scope of causes of action against an attorney representing a client. The plaintiff's argument that Gordon's alleged violation of ethical rules and procedural requirements constitutes "tortious conduct" seeks to greatly expand the kind of causes of action a third-party may have against an attorney representing a client. Such an argument, if accepted, would interfere with attorney-client relations and have a chilling affect on litigation of justiciable claims. Moreover, in the context of abuse of process and legal malpractice, underlying allegations similar to the ones at hand have been deemed legally insufficient. See Mozzochi v. Beck, supra, 204 Conn. 497, 501. Therefore, the defendants' motions to strike the first count of the complaint are granted. CT Page 11070
II. Second Count
In the second count of the complaint, the plaintiff alleges that she has suffered statutory damages under General Statutes § 49-8(c)[1] as a result of the defendants' failure to release the attachment against the plaintiff's property. The defendants move to strike the second count on the ground that it fails to state a cause of action.
General Statutes § 49-51 provides a mechanism for an interested party to challenge what may be an invalid lien. Under the provisions of this section, the interested party may make written demand for the release of the lien. If the lien is not released, then the interested party may apply to the Superior Court for discharge of the lien. If a court finds that the lien was filed without just cause, then the court may render appropriate damages for any person aggrieved by the lien. In the second count of its complaint, the plaintiff, however, has not challenged the validity of the lien via § 49-51. Rather, the plaintiff seeks damages under § 49-8(c).
Section 49-8(c) provides aggrieved parties damages if the mortgagee or plaintiff fails to execute or deliver a release within sixty days of written demand. Paragraphs (a) and (b) of § 49-8[2] enumerate instances when execution and delivery of a release is required.
In the present case, the lien in question does not fall within any of the enumerated instances that call for immediate execution and delivery of a release of a lien. The lien has neither been satisfied or partially released under § 49-8(a), nor has the lien become of no effect under § 49-8(b) pursuant to §§ 52-322 or 52-324. Rather, the lien remains in effect despite any appeal of the underlying judgment, until a new judgment is rendered. See Mac's Car City, Inc. v. DiLoreto,238 Conn. 172, 182, 679 A.2d 340 (1996).
As the plaintiff has not alleged that the lien in question has been released or become of no effect, the plaintiff has not alleged sufficient facts to state a claim under § 49-8(c). Therefore, the defendants' motions to strike the second count of the complaint are granted.
III. Third Count
CT Page 11071
In the third count of the complaint, the plaintiff alleges that the defendants' actions were a violation of public policy. Accordingly, the plaintiff alleges that the defendants' conduct, in violation of the Code of Professional Responsibility, the Practice Book and the General Statutes, was so outrageous and reckless as to constitute a violation of the Connecticut Unfair Trade Practices Act (CUTPA).
The defendants move to strike the third count of the complaint on the ground that it fails to allege a violation of public policy. The defendants' also move to strike on the ground that the third count is legally insufficient because an attorney cannot be sued under CUTPA by their clients' adversaries for action taken in the course of representation.
The plaintiff objects to the motions to strike and argues that the defendants' actions in knowingly ignoring the rules of practice and the laws of the state constitute tortious conduct on the part of the defendants in violation of public policy. As the defendants have allegedly benefitted [benefited] from their conduct in trying to appropriate the property of the plaintiff, the plaintiff claims that the defendants have, in fact, violated public policy.
The appellate courts have stated that an aggrieved party may not bring a private cause of action, in CUTPA, against his/her opponent's attorney for actions taken by that attorney in the course of representing the opponent. See Jackson v. R.G. Whipple,Inc., 225 Conn. 705, 727-29, 627 A.2d 374 (1993) ("[p]roviding a private cause of action under CUTPA to a supposedly aggrieved party for the actions of his or her opponent's attorney would stand the attorney-client relationship on its head and would compromise an attorney's duty of undivided loyalty to his or her client and thwart the exercise of the attorney's independent professional judgment on his or her behalf"). Therefore, the defendants' motions to strike count three of the complaint are granted.
All counts of the complaint having been granted by the court, the defendants' motions to strike the plaintiff's complaint in its entirety are granted.
SKOLNICK, J.