STATE OF MAINE

CUMBERLAND, SS.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-99-48

TED-CUM- 6/29/2000

JEANNE E. WASHBURN,

    Plaintiff-Appellee

v.

CARL P. WASHBURN,

    Defendant-Appellant

DECISION ON APPEAL

## I. BACKGROUND

The parties were divorced by judgment of the District Court (Portland, *Sheldon, J.*) which judgment declares and divides the martial property.

Subsequent to the entry of judgment the defendant filed a motion pursuant to M.R. Civ. P. 52, seeking findings of fact and conclusions of law which was denied without prejudice to a revised request.[1] The defendant then filed a new request on which the court denied the request for further findings of fact as "the judgment is chock full of findings already [and] more aren't required." But the divorce judge did supplement the conclusions of law.

The defendant appealed and plaintiff cross-appealed to "protect her interests" in the event that the court ruled in defendant's favor. The background facts relevant to this appeal are as follows. The parties were married for 28 years. Carl Washburn worked for S.D. Warren throughout his marriage to Jeanne. Carl suffered numerous and serious work-related injuries and retired in 1994 with a

---

1. This initial motion was denied in part because it was in the form of interrogatories to the court.

disability pension and Workers' Compensation settlement. The parties had already been living apart for about two years, although no decree of legal separation had been issued. Jeanne was employed as a store clerk and does not receive a pension or benefits. She was making about $8 per hour and lived with her mother. She cannot afford a car. Jeanne alleges that Carl abused her both emotionally and physically throughout their marriage. Neither of the parties received an educational degree beyond high school.

The District Court awarded all of the personal property, but for a few items, to Jeanne. At issue in the District Court was how to divide both the Workers' Compensation settlement and Carl's disability pension. After paying some initial expenses, Carl put approximately $200,000 of the settlement into an investment account. Finding the Workers' Compensation "Findings of Fact," to be unpersuasive, Judge Sheldon applied the American law Institutes PRINCIPLES OF THE LAW OF FAMILY DISSOLUTION, Proposed Final Draft, Part I, in determining how to apportion the Workers' Compensation settlement. The total value of the account at the time of trial was $292,748. Carl was awarded $267,019.37 and Jeanne received $25,728.64. Each party was awarded 50% of Carl's disability pension, having a total marital value of $102,078. The District Court declined Jeanne's request for alimony.

## II. DISCUSSION

Carl argues that the District Court abused its discretion in its division of the marital property by failing to consider the required factors of Title 19-A M.R.S.A. § 953(1); by failing to make any findings of fact regarding the division of marital

2

property even though specifically requested; and committed clear error in its decision of what portion of the Workers' Compensation settlement account was marital. In the event that Carl's appeal is sustained, Jeanne argues that the District Court's treatment of the Workers' Compensation settlement proceeds contained prejudicial errors and that if the court remands the case for reconsideration of the characterization and distribution of property, then it should reopen the issue of alimony. Overall, however, Jeanne concedes that the District Court's decision was fair.

Pursuant to M.R. Civ. P. 52(a), the factual findings of the trial court will not be set aside unless they are clearly erroneous and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses. As a matter of specific technique, any finding, whether express or assumed, is tested under the "clearly erroneous" standard by determining whether there is any competent evidence in the record to support it. If there is such evidence, the finding must stand. *Harmon v. Emerson*, 425 A.2d 978, 981 (Me. 1981). The function of an appellate court is not to review a cold transcript and draw its own factual inferences; rather, appellate review of factual findings is limited to investigation of the record before it to determine whether competent evidence exists to support the District Court's tribunal's factual conclusions. *Sturtevant v. Town of Winthrop*, 1999 ME 84, ¶ 9, 732 A.2d 264, 267 (quoting *Lewisohn v. State*, 433 A.2d 351, 354 (Me. 1981)).

In denying Carl's refiled motion for further findings of fact and conclusions of law, the District Court declined to give additional findings of fact, but provided the parties with some conclusions of law regarding his division of the marital property.

3

The judge reasoned that absent a definition for "need" in determining alimony awards, the allotment of 83% of the marital property to Jeanne substituted as her post-divorce need for alimony. Also, the court stated that it did not want Carl to pay Jeanne alimony from his nonmarital holdings (Workers' Compensation settlement account) in light of the Law Court's preference for clean-break divorce and the inevitable prospect of large capital gains tax for Carl. (It should be noted that Jeanne received the marital home, in spite of her declaration that she did not want it, since she currently lives with her mother.)

Carl argues that the District Court abused its discretion in denying his motion for findings of fact. It is well-established that the divorce court has a duty to make findings sufficient to inform the parties of the reasoning underlying its conclusions and to provide for effective appellate review. However, if the divorce judgment does set forth adequate findings on the contested issues, then the court is not obligated to supplement them merely because a request was made. If the court's findings of fact set forth in the judgment provide a sufficient basis to inform the parties of the reasoning underlying the court's conclusion, the court will not be said to have abused its discretion in denying a motion for further findings of fact and conclusions of law. *Sewall v. Saritvanich*, 1999 ME 46, ¶ 9-10, 726 A.2d 224, 226-27.

Section 953 requires the judge hearing the divorce to "divide the marital property in proportions the court considers just after considering all relevant factors." A primary issue raised by defendant is that the findings are not catalogued or itemized; however, it is clear by a review of the entire judgment and the supplemental conclusions of law that as a whole, this court cannot find on review

4

that the divorce judge abused his discretion or was unfair.

A trial court, when dividing marital property is not required to make mathematically precise division of property, but "a just and equitable one." *Marquis v. Chartier*, 592 A.2d 169, 171, n.3 (Me. 1991). *See also Deditch v. Deditch*, 584 A.2d 649 (ME. 1990) (dealing similarly with the unequal distribution of martial property). In fact, the Law Court has said that "[t]he statute directs a 'just,' not an equal division," *Robinson v. Robinson*, 554 A.2d 1173, 1176 (Me. 1989), and that "[a]lthough the idea of an equal allocation may certainly be entertained by a divorce court, it carries no presumptive weight either in its favor or against it." *Id.*

On the whole, the decision of the District Court is not unjust or inequitable.

The entry will be:

> Appeals denied. Case is remanded to District Court for entry of final judgment.

So ordered.

DATED: June 27, 2000

Thomas E. Delahanty II
Justice, Superior Court

5

Date Filed ___05/27/99___ _____CUMBERLAND_____ Docket No. ___AP99-048___
County

Action __APPEAL FROM DISTRICT COURT__

JEANNE E. WASHBURN                    CARL P. WASHBURN

vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| JUDITH M. BERRY, ESQ.<br>28 STATE STREET<br>GORHAM, MAINE  04038<br><br>ELLYN BALLOU, ESQ<br>PO BOX 328<br>SO. FREEPORT MAINE  04078 | CLAUDIA C. SHARON, ESQ.<br>ONE INDIA STREET<br>PORTLAND, MAINE  04101 |

| Date of Entry | |
|---|---|
| **1999**<br>May  28 | Received 05/27/99:<br>Defendant's Notice of Appeal to Superior Court filed.<br>All paperwork received from 9th District Court, Division of Southern<br>Cumberland (District Court Docket #POR-DV-649). |
| June 1 | On 6-1-99.<br>Briefing schedule mailed.  Appellant's brief due 7-6-99. |
| June 25 | Received 06-22-99:<br>Letter from Claudia C. Sharon, Esq. stating the Notice and Briefing Schedule<br>that the Court issued on June 1, 1999 is void as the transcript in this<br>matter has not yet been prepared filed. |
| Aug. 3 | Received 08/02/99:<br>Transcript of hearing before Honorable John Sheldon on December 14,<br>1998 filed.   (Volume I and II) |
| Aug. 4 | On 8-4-99.<br>Briefing schedule mailed. Appellant's brief due 9-13-99. |
| Aug. 25 | Received 8.24.99:<br>Appellant Carl Washburn's Motion to Extend time to file brief filed. |
| Aug. 30 | On 08-25-99:<br>As to Appellant's Motion to Extend Time to File Brief: Motion granted. All<br>deadlines extended by 40 days as measure from notice of briefing schedule.<br>(Delahany, J. ).<br>On 08-30-99 Copies mailed to Judith M. Berry, Esq., Ellyn Ballou, Esq. and<br>Claudia C. Sharon, Esq. |